George Gullott v. Commissioner.
Gullott v. Commissioner
Docket No. 418-64.
United States Tax Court
T.C. Memo 1966-58; 1966 Tax Ct. Memo LEXIS 223; 25 T.C.M. (CCH) 324; T.C.M. (RIA) 66058; March 21, 1966
*223 During the taxable years 1955, 1956, and 1957 petitioner was a self-employed masonry subcontractor. He kept his own books of account but they did not clearly reflect his income. It had been petitioner's custom to file his Federal income tax returns late and pay a penalty for such late filing. Because of insufficient funds he filed no Federal income tax returns for the taxable years although he did file the New York State income tax returns and intended to file his Federal returns later. Upon the evidence, held.. 1. Petitioner's net profit from business for each taxable year was less than that determined by the respondent; 2. Respondent erred in determining that under section 6653(b), I.R.C. 1954, a part of the underpayment herein for the years 1955, 1956, and 1957 was due to fraud; 3. Respondent did not err in determining that under section 6654, I.R.C. 1954, there is due an addition to the tax for the taxable years for failure by petitioner to pay the estimated income tax; and 4. Respondent's alternative pleas, that for the taxable years petitioner is liable under section 6651, I.R.C. 1954, for an addition *224 to the tax for failure to file the returns, and under section 6653(a), I.R.C. 1954, for the addition to tax for negligent or intentional disregard of the rules and regulations with respect to income taxes, are sustained. Michael J. Kenny, for the petitioner. Rudolph J. Korbel, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent has determined *225 deficiencies in income taxes and additions to such taxes against petitioner for the calendar years 1955, 1956, and 1957 as follows: Additions to Tax
Sec. [1]
Year
Deficiency
6653(b)
Sec. 6654
1955
$1,959.75
$ 979.88
$ 51.34
1956
9,192.22
4,596.11
253.86
1957
3,058.56
1,529.28
81.68
Petitioner contests the amounts of net profit from business and also the additions to tax determined by the respondent for each of the taxable years. Respondent by amendment to answer alleges in the alternative that in the event the Court should find petitioner not liable for the 50 percent addition for fraud pursuant to section 6653(b), then petitioner is liable for the addition pursuant to section 6651(a) for failure to file returns, and also for the addition pursuant to section 6653(a) for negligent or intentional disregard of the rules and regulations. Findings of Fact Some of the facts were stipulated and such facts are incorporated herein by reference. Petitioner is an individual with residence in Schenectady, N. Y. Petitioner *226 did not file Federal income tax returns for the taxable years 1955, 1956, and 1957. The notice of deficiency was mailed to petitioner from the office of regional commissioner, New York, N. Y. During the taxable years 1955, 1956, and 1957 petitioner was a self-employed masonry subcontractor. He has been in this business since 1953. Prior thereto he worked with his father. He was 53 years of age in 1965. During the taxable years 1955, 1956 and 1957 petitioner performed masonry subcontracting services for H. Cadieux and Son and for the DeLavic Bros. Construction Co. For these services petitioner was paid amounts as follows: Name of Payor
1955
1956
1957
Cadieux
$19,437.75
$24,294.00
$ 7,619.00
DeLavic
42,302.00
49,814.16
47,610.56
Totals
$61,739.75
$74,108.16
$55,229.56
The above amounts were paid to petitioner by approximately 274 separate checks, some of which petitioner cashed and some of which he deposited in bank accounts. He maintained bank accounts at the Schenectady Trust Company and the Citizens Trust Company, both of Schenectady, N. Y.
During these same taxable years petitioner issued approximately 1,995 checks drawn on the two above-named *227 banks for business expense items and nondeductible items, as follows: Business Expense Items
Item
1955
1956
1957
Unidentified
0
$ 515.33
0
Mason materials
$24,132.97
21,264.79
$14,364.35
Mason supplies
251.19
66.29
147.40
Gas and oil
2,236.89
1,855.05
953.92
Truck repairs
1,019.65
1,217.54
1,144.32
Subcontractors
1,804.00
1,588.00
1,305.00
Taxes
705.40
371.45
278.30
Insurance
1,916.12
1,849.63
2,175.01
Telephone
179.02
321.12
334.82
Advertising
43.85
334.15
167.82
Union Dues
0
470.61
0
Miscellaneous
494.05
1,263.00
536.96
Totals
$32,783.14
$31,116.96
$21,407.90
Nondeductible Items
Repayment of loans
$ 4,935.04
$ 5,486.48
$ 6,834.38
I.R. Service
1,206.68
630.90
83.48
Power and Light
0
33.06
0
Downpayments
0
250.00
0
Personal
3,976.05
2,509.68
6,491.43
Totals
$10,117.77
$ 8,910.12
$13,409.29
Petitioner's business was seasonal. It ran from about April to November. He had about six or seven employees whom he paid in cash. His credit was very poor. During each of the taxable years he would have between 25 or 30 checks returned to him because of insufficient funds. Because of his *228 poor credit, he was compelled to pay cash for a large part of the material he used in his business and for business expenses. For many of these purchases he never obtained a receipt. During each of the taxable years in question petitioner paid out in cash for material he used in his business and for business expenses amounts of at least $24,480 for 1955, $24,480 for 1956, and $25,980 for 1957. These amounts are in addition to the amounts paid for similar items by check. Petitioner attempted to keep his own books but failed to record therein all of the items of income and expense. His true taxable income could not be determined from such insufficient records. Petitioner prepared pencilled copies of his Federal income tax returns for the years 1955, 1956, and 1957 but did not file them because he did not have sufficient funds with which to pay the tax. It had been his practice in the past to file his Federal income tax returns and pay a penalty for filing late. He intended to follow the same course for the taxable years here in question. Petitioner, however, did file State income tax returns with the State of New York for the taxable years 1955, 1956, and 1957. On these returns *229 petitioner reported gross income, expenses, and net profit from his business, as follows: Year
Gross Income
Expenses
Net Profit
1955
$52,807.06
$48,006.06
$ 4,801.00
1956
58,926.47
54,324.47
4,602.00
1957
44,828.64
39,803.75
5,024.89
The respondent in his deficiency notice determined that petitioner's gross income, expenses, and net profit from his business were as follows: Year
Gross Income
Expenses
Net Profit
1955
$61,739.75
$50,660.58
$11,079.17
1956
74,108.16
47,445.08
26,663.08
1957
55,229.56
41,601.11
13,628.45
Petitioner personally deducted and with held from the wages paid his employees the Federal income and social security taxes attributable thereto, and the New York State unemployment taxes attributable thereto, for the taxable years 1955, 1956, and 1957, and personally prepared and filed Federal quarterly employer's tax returns and New York State unemployment tax returns for those years relative to such taxes. On October 11, 1960, an information was filed with the District Court at Syracuse, N. Y., against the petitioner, charging him with willful failure to file his Federal income tax returns *230 for the taxable years 1955, 1956, and 1957 in violation of section 7203. On November 21, 1960, petitioner pleaded guilty to willful failure to file his Federal income tax returns for the taxable years 1955 and 1957, in violation of section 7203, and was sentenced on December 5, 1960, to pay a fine of $1,500 on count one for 1955, and $1,500 on count three for 1957. The remaining count two for 1956 was dismissed on motion of Theodore F. Bowes, United States Attorney. Ultimate Findings of Fact Petitioner's gross income, expenses, and net profit from his business for the taxable years here involved were as follows: Year
Gross Income
Expenses
Net Profit
1955
$61,739.75
$57,263.14
$ 4,476.61
1956
74,108.16
55,596.96
18,511.20
1957
55,229.56
47,387.90
7,841.66
No part of the underpayment herein for the years 1955, 1956, and 1957 was due to fraud. Petitioner failed to pay any estimated income tax for any of the taxable years here involved and is liable for the addition to tax provided for by section 6654. Petitioner failed to file any Federal income tax returns for the taxable years here involved and is liable for the addition to tax provided *231 for by section 6651. A part of the underpayment herein for the years 1955, 1956, and 1957 was due to negligence and intentional disregard of rules and regulations, thus making petitioner liable for the addition to tax provided for by section 6653(a). Opinion The questions presented in this case are all factual. The two most important questions are whether the respondent erred in determining petitioner's net profit from his business, and whether any part of the underpayment herein was due to fraud. Petitioner has the burden of proof on the first question and respondent has the burden on the second. Regarding the first question, we have found that petitioner filed no Federal income tax returns for the years in question; that he kept his own books but that they were so poorly kept that petitioner's true income could not be determined from them. During the taxable years petitioner performed subcontracting services for two firms called Cadieux and DeLavic. Respondent obtained from these firms schedules of the payments made to petitioner for the services he performed for them and the parties have now stipulated that the payments shown on these schedules were the payments petitioner *232 received from these firms for the services he performed for them. Thus, the question of whether the respondent erred in determining petitioner's "net profit" from his business is narrowed to a determination of the correct "expenses" of the business which would include such items as the cost of materials and supplies used in the business, labor, and the ordinary and necessary expenses of the business. In determining petitioner's net profit from his business for the taxable years, the respondent determined that petitioner had "expenses" for these years of $50,660.58, $47,445.08, and $41,601.11, respectively. The details of this determination have not been shown. In a statement attached to the deficiency notice, the respondent, in stating petitioner's "net profit from business" for each of the years as $11,079.17, $26,663.08, and $13,628.45, respectively, merely said "Net profits from business as detailed in Exhibit A of report dated October 1, 1959" [emphasis supplied]. This Exhibit A was not made a part of the record. The respondent did, however, introduce into evidence the transcript of approximately 1,995 checks written by petitioner during the years in question on two different *233 banks for business expense items and nondeductible items, the total amounts of which for each year are set out in our findings. An analysis of these checks shows that petitioner paid out by check for business expense items the total amount of $32,783.14 for 1955, $31,116.96 for 1956, and $21,407.90 for 1957. In addition to the items paid for by check, petitioner was compelled to pay cash for a large portion of the expenses of his business. He had six or seven employees, all of whom he paid in cash. Petitioner's credit was so poor that a great number of people with whom petitioner dealt refused to take his personal check. During each year he had from 25 to 30 checks returned to him because of insufficient funds in the bank. Petitioner testified that when he wrote a check he always thought the check was good but due to his poor records he found some of them not to be good. Petitioner testified as to the names of approximately 47 different suppliers with whom he dealt on a cash basis. We are satisfied from the evidence that during the taxable years petitioner paid out in cash to these suppliers for material and for business expenses amounts of at least $24,480 for 1955, $24,480 for *234 1956, and $25,980 for 1957. When these amounts are added to the amounts paid for by check we find petitioner's expenses for the taxable years to be $57,263.14, $55,596.96, and $47,387.90, respectively, instead of the amounts determined by the respondent of $50,660.58, $47,445.08, and $41,601.11, respectively. We hold that the resulting net profits are $4,476.61, $18,511.20, and $7,841.66, as set out in our ultimate findings. Cohan v. Commissioner, 39 F. (2d) 540. On the question of fraud, under section 6653(b)[2] we do not think the respondent has met his burden of proof. Petitioner made out pencilled copies of Federal income tax returns for the years in question but did not file them because he did not have sufficient funds with which to pay the tax and he was under the impression that he could not file them without accompanying them with a remittance of the tax. Furthermore, he had made a practice in prior years of filing his Federal returns late and paying a penalty for such late filing. He intended to do the same for the years in question. While such a practice is to be severely condemned, it does not follow that failure to file returns is to be regarded as fraud *235 per se. Otherwise, there would be no reason for the provisions of section 6651(a)[3] and section 6653(d). [4] It is sufficient to note that at all times petitioner was hard-pressed for funds. While this is no excuse for the failure to file returns, we do not think the respondent has proven by clear and convincing evidence that any part of the underpayment herein for the years 1955, 1956, and 1957 was due to fraud and we so find and hold. *236 On the question of whether petitioner is liable for the addition to tax provided for under section 6654(a), as amended, [5] petitioner makes no argument in his brief, so we may regard the issue as abandoned. In any event, we hold that petitioner is liable for the addition, recomputed however upon the correct amounts of the underpayments. Neither has petitioner made any argument regarding respondent's pleas in the alternative. Under section 6651(a)[6] the addition for failure to file returns shall be made "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." We have found that an information was filed with the District Court of the United States in New York, against petitioner, charging him with willful failure *237 to file his Federal income tax returns for the taxable years 1955, 1956, and 1957, in violation of section 7203; [7] that petitioner pleaded guilty to willful failure to file such returns for the taxable years 1955 and 1957; and that petitioner was sentenced to pay a fine of $1,500 for each of the years 1955 and 1957. The record does not show why the United States Attorney dismissed the count for 1956. Petitioner has not shown that the failure to file for 1956 was due to reasonable cause and not due to willful neglect. We hold that under section 6651(a) petitioner is liable for the addition to tax for failure to file returns for all three of the taxable years. *238 Under section 6653(a)[8] we think that a part of the underpayments here in question is due to negligence or intentional disregard of rules and regulations and we have so found as an ultimate fact. We have found there was no intent to defraud. It follows, and we so hold, that there shall be added to the tax for each year an amount equal to 5 percent of the underpayment of each year. Decision will be entered under Rule 50. Footnotes
1. All references to a section of a statute are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall in lieu of any amount determined under subsection (a). ↩
3. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
4. SEC. 6653. FAILURE TO PAY TAX. (d) No Delinquency Penalty if Fraud Assessed. - If any penalty is assessed under subsection (b) (relating to fraud) for an underpayment of tax which is required to be shown on a return, no penalty under section 6651↩ (relating to failure to file such return) shall be assessed with respect to the same underpayment.
5. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax. - In the case of any underpayment of estimated tax by an individual, * * * there shall be added to the tax under chapter 1 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)).↩
6. See footnote 3. ↩
7. SEC. 7203. WILLFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION, OR PAY TAX. Any person * * * required by this title or by regulations made under authority thereof to make a return * * * who willfully fails to * * * make such return * * * at the time or times required by law or regulations, shall in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.↩
8. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩